994 F.2d 844
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Hilda G. WORTHINGTON, Appellant,
v.
UNION PACIFIC RAILROAD, Appellee.
 No. 92-3046NE.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 16, 1993.
Filed: May 28, 1993.
 
 1
 Before FAGG and MORRIS SHEPPARD ARNOLD, Circuit Judges, and STUART,* Senior District Judge.
 
 Per Curiam
 
 2
 Hilda G. Worthington brought this Title VII action alleging Union Pacific Railroad (Union Pacific), her former employer, prevented her from obtaining a switch-person position because of her gender. After a bench trial, the district court entered judgment for Union Pacific. Worthington appeals, and we affirm.
 
 
 3
 Worthington participated in Union Pacific's switch-person training program, which consisted of classroom activities, yard training, on-the-job training, and a final examination. Worthington was the only woman in her class of nine students. To successfully complete the training program and qualify as a switch-person, Worthington had to pass the final examination. Worthington was in the classroom preparing to take the examination when one of her instructors, Dennis Lindsay, told her William Steele, who supervised the training program, wanted to see her in his office. The parties dispute what happened at this meeting. After the meeting, Worthington returned to the classroom, picked up her books, and left without taking the final examination.
 
 
 4
 Steele and Lindsay testified Worthington requested the meeting, expressed her concerns about the job, safety, and night work, and mutually agreed with Steele that she should seek another job. Steele testified he agreed with Worthington's decision because Lindsay had reported Worthington had trouble understanding class material and two railroad foremen who directed the on-the-job training verbally reported their concerns about Worthington's ability to get on and off moving trains. Union Pacific also tried to impeach Worthington by showing she had a history of deceptive employment practices with Union Pacific.
 
 
 5
 Worthington, however, testified she was a physically fit, thirty-four year old woman who showed up to take the final examination even though she had surgery three days earlier. A fellow student testified Worthington was studying her materials and appeared ready to take the examination before she was called from the classroom. Worthington testified Steele requested the meeting and stated he would not qualify Worthington to become a switch-person because her legs were too short and he was afraid she would be injured or killed on the job. Steele then told Worthington to see someone in the personnel department about another job.
 
 
 6
 Worthington contends the trial testimony and exhibits refute Union Pacific's story. Steele was not involved in training the students, the class instructors never advised Steele to disqualify Worthington, one of the two railroad foremen did not direct Worthington's on-the-job training, and evaluation sheets given to Worthington did not raise any concerns about her ability to get on or off moving trains. Also, Worthington was marked "disqualified" on Union Pacific's final examination results sheet, but another student who quit the training program before taking the final examination was marked "resigned from class."
 
 
 7
 The district court found Worthington voluntarily chose not to take the final examination and thus was disqualified from obtaining a switch-person position. The district court also found Worthington's gender was not a factor in her disqualification from the switch-person training program. We may not set aside the district court's findings unless they are clearly erroneous. Burns v. McGregor Elec. Indus., Inc., 955 F.2d 559, 563 (8th Cir. 1992). When there are "two permissible views of the evidence, the [district court's] choice between them cannot be clearly erroneous." Anderson v. City of Bessemer City, 470 U.S. 564, 574 (1985).
 
 
 8
 Viewing the record in its entirety, we cannot conclude the district court's findings are clearly erroneous. The district court evaluated the credibility of the witnesses, decided Union Pacific's witnesses were more believable, and entered judgment accordingly. Although we might have weighed the evidence differently if we had been the factfinder, we cannot conclude Union Pacific's version of the facts was so incoherent or implausible that a reasonable factfinder could not credit it.
 
 
 9
 We affirm the district court's judgment.
 
 
 10
 A true copy.
 
 Attest:
 
 11
 CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.
 
 
 
 *
 *The HONORABLE WILLIAM C. STUART, Senior United States District Judge for the Southern District of Iowa, sitting by designation